133 F.3d 927
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Suzanne LUCAS, Plaintiff-Appellant,
v.
AMERICAN GENERAL FINANCE, INC., an Indiana Corp., Defendant-Appellee.
 No. 96-56244.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 3, 1997.
Jan. 8, 1998.
 
 Before: BEEZER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Suzanne Lucas appeals the district court's grant of summary judgment in favor of American General Finance ("AGF"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.[1]
 
 
 3
 Lucas was employed by AGF, a consumer financial institution, as a branch manager. After AGF fired her, Lucas asserted claims against AGF for breach of contract and wrongful termination in violation of public policy. We review de novo the district court's grant of summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 
 4
 During the interview process with AGF, Lucas completed and signed a standardized employment application. Above the space provided for her signature, the application stated:
 
 I UNDERSTAND THAT:
 
 5
 -- Nothing in this application is to be construed as constituting a guarantee of employment; individuals are free to resign at any time, just as the company is free to terminate employment at any time.
 
 
 6
 The district court determined that the application was a partially integrated agreement and, thus, Lucas was precluded from offering evidence of an implied contract to terminate her only for cause.
 
 
 7
 If Lucas and AGF entered into an integrated agreement providing that the employment relationship is terminable at will, Lucas may not rely on contradictory parol evidence, demonstrating a prior or contemporaneous implied agreement existed to terminate her only for cause. See Slivinsky v. Watkins-Johnson Co., 221 Cal.App.3d 799, 804-05 (1990). The parol evidence rule prohibits the introduction of Lucas's evidence of an implied contract only if (1) the employment application is an integrated agreement and (2) her evidence would vary or contradict the terms of the employment application. McLain v. Great American Ins. Cos., 208 Cal.App.3d 1476, 1483 (1989).
 
 
 8
 Assuming the application was an integrated agreement, evidence that Lucas could be terminated only for cause is not inconsistent with the application. See Esbensen v. Userware Int'l, Inc., 11 Cal.App. 4th 631, 636 (1992); see also Seubert v. McKesson Corp., 223 Cal.App.3d 1514, 1519 (1990). The employment application governs the timing of termination, but is silent as to the grounds for termination. The application is susceptible to an interpretation that Lucas's employment could be terminated "at any time," but only for cause. The district court, therefore, erred by refusing to consider Lucas's evidence of an implied contract. See Esbensen, 11 Cal.App. 4th at 640.
 
 
 9
 Lucas submitted evidence, sufficient to survive summary judgment, that an implied contract existed and that AGF lacked cause to fire her. When she was hired, AGF officials assured her that she could have a job with AGF "for as long as [she] wanted it" and later assured her that the commitments made to her would be kept and her job was secure. In addition, Lucas received bonuses and an increase in salary and won several regional contests for her performance with AGF. Further, another AGF employee submitted a declaration in which she states that, at the time Lucas was hired, AGF had a policy of requiring cause for terminations and did not have an at will policy. This evidence may demonstrate the existence of an implied contract to terminate only for cause. See McLain, 208 Cal.App.3d at 1487; Gould v. Maryland Sound Indus., 31 Cal.App. 4th 1137, 1151 (1995).
 
 
 10
 AGF's own written policies also tend to support a cause requirement. AGF's Standard Practice Memorandum, issued in May 1991, lists specific grounds which can support an involuntary termination. This policy was changed in June 1994, prior to Lucas's termination, to state that AGF employees are at will. There is no evidence, however, that Lucas agreed to such a change in her position. Thus, the listing of specific grounds for termination in AGF's guidelines may imply that cause is required for an involuntary termination. See McLain, 208 Cal.App.3d at 1486-87.
 
 
 11
 Lucas also raised a genuine issue of material fact as to whether AGF had cause to fire her. She presented evidence that she was not fired for substandard performance. She presented evidence that the branches were improving under her direction. She also presented evidence which, if credited, tended to establish that AGF fired her because of its belief that she was responsible for the company being audited, or because she had reported to the Department of Corporations illegal practices allegedly committed by AGF. See Pugh v. See's Candies, Inc., 203 Cal.App.3d 743, 769-70 (1988) ("The employer does not ... have a right to make an arbitrary or unreasonable decision about terminating an employee when there is a contract to terminate only for good cause.")
 
 
 12
 Lucas also presented evidence sufficient to survive summary judgment on her claim that she was fired in violation of public policy. As discussed above, Lucas presented evidence that AGF decided to fire her based on a belief that she was reporting alleged illegal activity. See Shoemaker v. Myers, 2 Cal.App. 4th 1407, 1419-21 (1992). We express no opinion on the merits of the case. We reverse the summary judgment and remand to the district court.
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We also grant Lucas's motion to supplement the appellate record by adding the corrected version of her deposition